WILLIAM HENSLEY, JR., ET AL. V. JOHN H. LEWIS ET AL.

No. 7021.

1. **Practice in District Court—Finding by Court.**—If counsel on the trial are of opinion that findings of fact should be made by the court upon issues not noticed in the findings made, the omission should be called to the attention of the trial judge.

2. **Innocent Purchaser.**—A purchaser from the surviving husband of land conveyed to him during the marriage upon full consideration and without notice of the fact that his vendor had been married, etc., takes good title against heirs of the wife.

3. **Adultery by Husband.**—Abandonment of wife by husband and his living in adultery does not deprive him of his interest in community property, nor withdraw any of the evidences of his right; nor would it confer upon the wife any rights save of management, or if necessary the disposition of the property.

4. **Cases Adhered to.**—Edwards v. Brown, 68 Texas, 329; Hill v. Moore, 62 Texas, 610; Wren v. Peel, 64 Texas, 380; and Pouncey v. May, 76 Texas, 565, adhered to.

ERROR from Parker. Tried below before Hon. GEORGE A. MCCALL. The opinion states the case.

*J. T. Harcourt* and *A. J. Ball,* for plaintiffs in error.—1. The community rights of the husband and wife are equal, with mutual and reciprocal obligations. The husband can claim no immunity from the wanton desertion and abandonment of his family and home, which would work a forfeiture of all rights of property if committed by the wife. Wheat v. Owens, 15 Texas, 241; Zimpelman v. Robb, 53 Texas, 274; Sears v. Sears, 45 Texas, 559; Earle v. Earle, 9 Texas, 633; Dodd & Co. v. Arnold, 28 Texas, 97.

2. The evidence excluded by the court was admissible if the defendants had notice, or were chargeable with notice, of the desertion and abandonment of the family and home by William Hensley.

"The notice of title given by possession is equivalent to the constructive notice afforded by the registration of the deed." Watkins v. Edwards, 23 Texas, 443.

The legal possession by Emma T. Hensley passed title to her children, who retained visible improvements and possession until disseized by the actual possession being taken by another. 1 Story's Eq. Jur., sec. 400, et seq.; Wade on Notice, sec. 276; Whitehead v. Foley, 28 Texas, 268; Mullins v. Wimberly, 50 Texas, 457; Foreman v. Meroney, 62 Texas, 723; Wheat v. Owens, 15 Texas, 241; Dodd & Co. v. Arnold, 28 Texas, 97.

3. The proof shows that William Hensley had renounced his marital obligations, and voluntarily, without cause, wantonly deserted his family and the family homestead, and after her death he could not reclaim what he had justly forfeited by his abandonment.

"The abandonment of a wife by her husband perfects all her rights in and to the community property as effectually as if he were dead."

Cullers v. James, 66 Texas, 494; Wheat v. Owens, 15 Texas, 241; Walker v Stringfellow, 30 Texas, 570; Duke v. Reed, 64 Texas, 713.

"The good faith of a purchaser can not invest him with the title to property if his vendor had no title to it." Dodd & Co. v. Arnold, 28 Texas, 97.

No brief for defendants in error reached the Reporter.

STAYTON, CHIEF JUSTICE.—This action was brought by appellants, the children of William Hensley, Sr., and his wife Emma T., to recover the one-half of the land in controversy, which they claim by inheritance from their mother.

The cause was tried without a jury, and the conclusions of fact given by the judge were as follows:

"1.   On the 29th day of October, 1864, William Hensley, Sr., bought of Tabor and wife the land in suit, and received a deed from said Tabor and wife; and said William Hensley, Sr., is the father of these plaintiffs.

"2.   At the time said William Hensley, Sr., received the deed from Tabor and wife he was a married man, his wife being named Emma T. Hensley; and the said Emma T. Hensley is the mother of these plaintiffs.

"3.   In 1867 or 1868 the said Emma T. Hensley died, while living on the place or land in suit; the said William Hensley, Sr., having separated from her and being in the State of Kansas.

"4.   Thereafter the said William Hensley, Sr., married his second wife, whose name was Lucinda Hensley; and afterward, on the 11th day of January, 1870, sold the land in suit to one Hickman Hensley and gave him deed, being joined in the said deed by his wife Lucinda Hickman.

"5.   On the 11th day of November, 1872, Hickman Hensley and wife sold the said land in suit to the defendant John H. Lewis and one James Hogel, and John H. Lewis since bought out and now owns both interests in the land.

"6.   Lewis and Hogel paid $2500 for the land, its full value, and supposed that Lucinda Hensley was the first and only wife of William Hensley, Sr.; that they had no knowledge that William Hensley, Sr., had had a former wife; that they paid the money in good faith, without any notice of any defect in the title to the land in suit."

Conclusions of law:

"That Lewis is an innocent purchaser for a valuable consideration in good faith of the land in suit without notice, and entitled in law to judgment."

Thereupon judgment was rendered against the plaintiffs.

The statement of facts shows more fully than does the sixth conclusion that defendants bought without notice of plaintiffs' rights and with-

out knowledge of facts that would make inquiry as to their rights a duty; and many of the assignments of error in effect claim that the court failed to find otherwise than was done upon some issues; and further, that there should have been some additional findings which counsel seems to think were important.

The findings are all well supported by the evidence, and contrary conclusions would have been against it. If counsel was of opinion that findings of fact should be made on which none were, this should have been requested; but it seems to us that the isolated facts on which it is urged the court should have made findings were only such as the court was bound to consider in making the findings found in the record; and had the special findings which, in the second, third, fourth, and fifth assignments, it is claimed should have been made, been made in appellants' favor, this court could not hold that the facts thus found would have required different general findings on the vital issues of the case from those found in the record.

The court in the third finding of fact states, that William Hensley had separated from his wife at the time she died, and that she at the time of her death lived on the land in controversy; and it is urged that in addition to the evidence to prove this fact the court should have permitted proof that the husband was living in adultery with another woman.

We do not see what bearing such evidence could have on any issue in the case, for such a fact would not deprive the husband of right to his interest in the land or withdraw from him any of the evidences of his right, nor would it confer on the wife any property right she would have had if they had been living together, although it might have conferred upon her rights in reference to the management of the common property, or right even to dispose of it, which she would not have had but for her husband's abandonment of her for a time. No question arises as to what would have been the right of the wife in property acquired by her efforts while abandoned by the husband, for the property in controversy was acquired by the husband while they were living together.

As before stated, the findings of fact were sustained by the evidence, which showed that appellees were bona fide purchasers, having no notice of the right of appellants nor knowledge of facts that would put them on inquiry, and having paid full value for the land. As such they were entitled to a judgment. Edwards v. Brown, 68 Texas, 329; Hill v. Moore, 62 Texas, 610; Pouncey v. May, 76 Texas, 565; Wren v. Peel, 64 Texas, 380; Patty v. Middleton, this day decided.

There being no error, the judgment will be affirmed.

*Affirmed.*

Delivered December 18, 1891.