MARY D. SANBORN v. MATILDA M. SCHULER ET AL.

NO. 27.

**1. Notice.**
Upon the death of the husband, it does not devolve upon a purchaser of · community property from the widow to inquire as to what persons inherit the separate property. She is, however, put upon inquiry as to who inherits the husband's share of the community property...... 117

**2. Purchase from Widow—Community Property.**
The husband dying leaving no child or children, the law casts upon the widow the community property, and she can sell property apparently community and convey good title against any equitable claim or estate of which the purchaser did not have notice ..................... 118

MOTION FOR REHEARING on refusal to grant writ of error to Fourth District, in an appeal from El Paso County.

*Millard Patterson,* for plaintiff in error.

STAYTON, CHIEF JUSTICE. — The land in controversy was conveyed to Barron F. Deal, while he was the husband of Tina Deal, by a deed reciting a consideration of $1000 paid, but there was nothing to show that the land was paid for with his separate estate, though this was the .case.

Barron F. Deal died without leaving any children, but one sister and his wife survived.

After his death, his widow, for a valuable consideration, conveyed the land to a person who conveyed it to defendant on like consideration, and neither of these persons had notice that the land was paid for by Barron F. Deal with his separate means.

This action was brought by the sister of Barron F. Deal, as his sole

heir, to recover the land, but judgment was rendered against her by the trial court, and on appeal that judgment was affirmed by the Court of Civil Appeals.

On application for writ of error applicant insists, that the decision is contrary to the rulings made in many cases, and especially in the decisons in Edwards v. Brown and Patty v. Middleton.

Since the decision of the case of Cooke v. Bremond, 27 Texas, 457, it has been steadily held, that a purchaser for valuable consideration, from a husband, of property acquired during marriage will be protected against the claim of the wife, although the deed through which the property was acquired in terms conveyed the property to the wife, though the property was paid for with the separate funds of the wife, or was intended as a gift to her, unless the purchaser, through recitals in the deed or otherwise, was put upon inquiry or had notice of facts giving to the wife the superior right.

No reason exists for giving effect to this rule as to transactions occurring during the marriage, and for denying it in transactions occurring after the death of husband or wife.

It must be kept in mind, when dealing with a question of this kind, that the purchaser is protected because he purchases from and pays a valuable consideration to the person who apparently has title, through such means for transmitting title as the law provides.

The effect of a deed made to husband or wife during marriage must necessarily be the same after the death of one as while both are alive; and if from that, in connection with the statutes under which it must be construed, property appears to belong to the common estate, then a bona fide purchaser from the survivor must be protected against the claims of persons entitled to take by inheritance only the separate estate of the deceased member.

This necessarily results from the fact that the bona fide purchaser is entitled to rely upon the deed construed under the law; and this, nothing to the contrary appearing, made the land in controversy, acquired by onerous title during the marriage, common estate.

Such appearing to be the character of the property, the purchaser was bound to inquire who inherited the share of the deceased husband; and upon inquiry he ascertained that the deceased left neither child nor children, and then knew that the wife, under the statute, was the heir.

The property appearing to be common property, an inquiry as to what persons would inherit the separate estate of the deceased husband was irrelevant.

If any fact had been known to the purchaser which would have shown the superior right of the husband to the land, then a purchaser from the wife could not be deemed an innocent purchaser, on the ground that he

did not know that the deceased husband left a sister, for every purchaser must ascertain who is entitled to take by inheritance any particular property belonging to the estate of a deceased person dying intestate.

If the property be community property, in fact or presumptively, the purchaser must ascertain who is the heir of the deceased as to such property; but if it be really or apparently the separate estate of the deceased, then he must ascertain who takes that by inheritance.

In so far as the right of the bona fide purchaser to protection is concerned, the operation of the statute of descent and distribution on the apparent title was to pass that to Mrs. Deal, as fully as would a conveyance by one having the apparent superior right pass that apparent right even to a purchaser with notice of the superior right of some third person; so that she, as well as a person holding apparent title by deed, could make a conveyance to a bona fide purchaser that would be protected against an unknown but superior right to that held by the vendor.

The statutes of descent and distribution are as effective in their operation to pass apparent title as is a deed, and a purchaser is entitled to rely upon title evidenced in the one way as fully as when evidenced in the other.

There is nothing in the opinion of the Court of Civil Appeals in conflict with the rules announced in the cases cited in the opinion of that court, nor to the rules announced in the cases of Edwards v. Brown, 68 Texas, 329, and Patty v. Middleton, 82 Texas, 586.

The motion to reconsider will be overruled.

*Motion overruled.*

Delivered October 26, 1893.