PEARL MANGUM ET AL. v. BYO WHITE ET AL.

Delivered May 13, 1897.

**1. Husband and Wife—Community Property—Sale by Husband.**

Where the legal title to community land is in the husband, one who purchases from him, after the death of the wife, without notice of the community interest, is protected.

**2. Same—Purchaser Must Be Put on Inquiry.**

Possession by the vendor of muniments of title showing the legal title in him is a sufficient guaranty to the purchaser that the title is as the papers show it to be, and a purchase upon the faith of such evidences is entitled to protection against those for whom the legal title may be held in trust, unless circumstances are brought to the attention of the purchaser sufficient to suggest an inquiry as to the existence of the equitable title.

APPEAL from Matagorda. Tried below before Hon. T. S. REESE.

*Gaines, Hamilton & Carpenter,* for appellants.—1. The title of plaintiffs was not a secret trust or equity, but was one conferred by statute, of which the whole world has notice. It was not such a title as could be placed on record, and hence the registration laws could not be invoked to give notice. Rev. Stats., art. 1696; Mitchell v. Marr, 26 Texas, 330; Trammel v. Neal, 1 Posey's U. C., 51; Yancy v. Batte, 48 Texas, 46; Johnson v. Harrison, Id., 257.

2. Plaintiffs made a prima facie case when they proved that the land was the community property of their father and mother at the date of her death, and that defendant, Byo White, purchased same after the death of their mother. The burden of proof was upon defendants under their plea of innocent purchasers without notice. Sebastian v. Martin-Brown Co., 75 Texas, 292; 12 S. W. Rep., 986; 2 Am. and Eng. Encyc. of Law, 654, 655; 16 Am. and Eng. Encyc. of Law, 834.

No brief for appellees reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—This suit involves the title to an

undivided half interest in 369 acres of land for which appellants sued appellees in the court below. There is no statement of facts in the record, and the decision is to be made upon facts found by the court below.

Appellants claim the half interest in the land which had belonged to Mrs. Lee, the wife of John Lee, as her community interest. Appellees claim the whole tract under a conveyance made by John Lee, after the death of his wife, to Byo White.

John Lee was married in 1871. The land was conveyed to him December 19, 1872, and was community property of himself and wife, but the deed was made to him. The parties were living on the land as their homestead when, in 1876, Mrs. Lee died, leaving plaintiff Pearl Mangum and Pertilla Lee as her only children. After her death John Lee moved from the land and acquired another place, where he was living, a widower, at the time of the contract with White.

In 1879, Byo White, under a parol contract with John Lee, the date and terms of which are not shown, except that it appears to have been one for the purchase of the property, entered upon the land in controversy, and between that time and January 23, 1886, he paid the purchase money of $1500, in installments, and at the last named date John Lee executed to him a warranty deed for the premises. At no time until 1895 did White have any actual notice of the claim of the plaintiffs, or of any claim adverse to his own.

John Lee and his wife lived on the land in controversy from the date of their purchase, in 1872, for some years, during which White lived about twelve miles distant from them. The records of Matagorda County contained the proper record of the marriage of Lee and wife.

White is a native of Africa, and the district judge states in his findings that he "speaks English, but not intelligibly, and is now so enfeebled in intellect as not to be able to testify intelligibly."

Upon these facts the court below concluded that the burden was on the plaintiffs to show actual or constructive notice to White of the claim of their mother or of themselves; that the facts were not sufficient to show constructive notice; and, no actual notice being shown, defendants were entitled to a judgment. We are of the opinion that this was the correct view to take of the case.

We understand the law, as now settled by the decisions of our Supreme Court, to be, that one may purchase land from another, who holds the legal title, without inquiry as to the existence of an equitable title in the community estate, unless circumstances are brought to his attention reasonably sufficient to suggest such inquiry; and that, if he so purchases the legal title and pays value for it, without such notice, he takes the land freed from the claims of the owners of the equitable community title. Patty v. Middleton, 82 Texas, 586; Edwards v. Brown, 68 Texas, 329.

The theory of these decisions is, that the possession by the vendor of muniments showing the legal title in him is sufficient guaranty to the

purchaser, until further inquiry is suggested by circumstances brought home to him, that the title is as the papers show it to be, and that if he buys upon the faith of such evidences, he is entitled to protection against those for whom the legal title is partly held in trust.

It does not appear that White knew of any one of the circumstances which are relied on here as sufficient to put him on inquiry. The conclusion from the facts stated is that he bought solely upon the evidences of title in John Lee, without knowledge of any of the other facts appearing.

*Affirmed.*