JOHN P. DAVIDSON v. ROSIE GREEN ET AL.

Decided December 5, 1901.

1.—Community Property—Rights of Heirs—Possession—Notice to Purchasers—Vendor's Lien Note.

Where, after the death of the wife, the husband sold community land against which no community debts were chargeable, and while the land was in possession of two of the wife's heirs, a purchaser of a vendor's lien note executed to the husband for the price of the land was charged with constructive notice of the rights of all the heirs of the wife, since the possession of one coheir is the possession of the other heirs and put them upon inquiry.

Appeal from Nacogdoches. Tried below before Hon. Tom C. Davis.

*Ingraham, Ratcliff & Huston,* for appellant.

*G. F. Fuller,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by the appellees, Rosie Green and others, against the appellant for the recovery of an undivided interest in 160 acres of land in Nacogdoches County and for partition. The appellees sued as the heirs of their mother, Margaret Ray, for her community interest in the land and one-half of the share of a deceased brother, who died after the death of his mother. The appellant claimed the land under a sale through a foreclosure of a vendor's lien note executed by purchasers of the land from the father of the appellees after the death of their mother. Trial was had below without a jury and judgment was rendered in favor of the appellees. No conclusions were filed by the trial judge, but from the statement of facts in the transcript of the record it appears that on February 16, 1883, D. Thomas Taylor conveyed to Reuben Ray the 160 acres of land described in the petition by deed, duly acknowledged and afterwards recorded. The conveyance was made to complete a contract for the sale of the land under which Ray took possession of it as early as 1869. At the time the land was bought and at the date of the deed Reuben Ray was a married man and the land became the community property of him and his wife, Margaret Ray, who afterwards, in 1885, died leaving eight children the issue of the mar-

riage, to wit, six of them the appellees, and J. L. Ray and Wade Ray;. the latter died about a year after the death of his mother, without issue,. leaving his father and brothers and sisters as his heirs. In 1887 Reuben. Ray married again and moved off the land. Two of the children, Wade and Joe, remained on it one year. It was occupied the next year by a man named Rasberry, and the following year, 1889, the appellee Rosie Green and her husband moved upon the land and was in possession of it when Reuben Ray sold it and the appellant bought the purchase money note. Joe Ray, who at the trial below testified that he was then 22 years of age, lived on the land with his sister. On December 29, 1890, and while the appellee Rosie Green and her husband, with whom Joe Ray was living, were in possession thereof, Reuben Ray, joined by his second wife, Mary L. Ray, conveyed the land to J. L. Ray and J. K. Nickolson by a deed of that date duly acknowledged and filed for record January 29, 1891. The deed recited as the consideration thereof $800, of which $400 as recited was paid in cash, and a note was given for the balance. In fact no cash consideration was paid. Reuben Ray testified that it was his understanding that Nickolson and Ray were to pay the heirs $400, but they did not do it, and that the heirs were not parties to the deed. But the grantees J. L. Ray and J. K. Nickolson executed to Reuben Ray their promissory note for the sum of $400, due January 1, 1893. Reuben Ray transferred the note to the appellant before maturity thereof, and the makers and indorser having made default in payment, the appellant brought suit against them and W. S. Green, the husband of the appellee Rosie Green, for the recovery of the amount of the note and a foreclosure of the lien for the purchase money. The appellee Rosie Green was not made a party to the suit. The heirs of Margaret Ray, appellees here, attempted to intervent in the suit and set up the interest claimed by them, but on demurrer of Davidson that their rights could not be affected by the judgment their plea of intervention was dismissed and judgment was rendered in favor of Davidson against Reuben Ray, J. L. Ray, and J. K. Nickolson for $532, the amount of the note with foreclosure of the vendor's lien as to them and W. S. Green. An order of sale and writ of possession was duly issued October 17, 1893, upon the judgment, and the land was duly sold and bought by Davidson January 2, 1894, at his bid of $20, and the sheriff executed him a deed therefor and put him in possession of the land ousting the occupants.

There was never any administration upon the estate of Margaret Ray and there were no debts against the community estate. The land was all paid for during the lifetime of Margaret Ray, and Reuben Ray owed no debts at her decease. The appellant bought the note from Reuben Ray before maturity and soon after it was executed, and paid him the money for it. He saw the deed from Reuben Ray and wife to J. L. Ray and J. K. Nickolson, and that it was recorded. He had never seen the land, and never heard until long after he purchased the note that anybody claimed the land but Reuben Ray and his wife. He

did not know of any agreement that J. L. Ray and J. K. Nickolson were to pay Margaret Ray's heirs anything, and did not know that there were such heirs. The land is situated about sixteen or seventeen miles from the town of Nacogdoches, and is worth $1000.

As a purchaser of the note for value before maturity thereof, Davidson acquired the right to have the vendor's lien foreclosed upon the entire interest in the land as the same appeared to have been conveyed by the deed of Reuben Ray and wife, Mary, to J. L. Ray and J. K. Nickolson, unless he should be affected with notice of the rights of the children of Margaret Ray, the first wife. There were no community debts against the estate of Margaret Ray, deceased, and her husband, and the husband had no right to sell the land as the survivor of the community. But a sale by the survivor of the community, in whom the legal title is vested, to a purchaser for value without notice actual or constructive of the equity of the heirs of a deceased wife who owned a community interest therein will vest a good title in the purchaser. Edwards v. Brown, 68 Texas, 329; Patty v. Middleton, 82 Texas, 586; Hensley v. Lewis, 82 Texas, 595; Mangum v. White, 16 Texas Civ. App., 254. The same principle will apply in the case of the purchaser of a note which appears to be a lien upon land. Heidenheimer v. Stewart, 65 Texas, 323; Jones v. Male, 2 Texas Ct. Rep., 517. Davidson bought the note from Reuben Ray without actual notice of the equity of the heirs of Margaret Ray; but had he not constructive notice? One of the heirs, Rosie, the wife of W. S. Green, was in possession of the land at the time it was sold and when the note was transferred, and another, Joe Ray, then about 12 years old, was living with her. The possession of a person occupying land is notice of, and puts every other person dealing with reference to it on inquiry as to the extent of his claim. Mullins v. Wimberly, 50 Texas, 464; Harold v. Sumner, 78 Texas, 581; McCamant v. Rogers, 80 Texas, 325; Watkins v. Edwards, 23 Texas, 448; 16 Am. and Eng. Enc. of Law, 800. The purchaser is bound to make inquiry concerning the rights of the one in possession, and failing to do so, is chargeable with notice of all that a proper inquiry would have disclosed. 16 Am. and Eng. Enc. of Law, supra, and note 4. The possession of one coheir is the possession of the other coheirs, and is held in trust for their benefit. This doctrine has been often applied in cases of limitation to the possession of one or more tenants in common where there are others not in actual possession. Alexander v. Kennedy, 19 Texas, 492; Gilkey v. Peeler, 22 Texas, 668. The possession of a cotenant is the possession of all the cotenants. Freem. on Coten. and Part., sec. 167. Thus it is clear that Davidson was required to take notice of the possession of Mrs. Green and her husband, and inquiry of them would have developed the equity of the heirs of Margaret Ray. The judgment of the court below was properly rendered for the appellees, and will be affirmed.

*Affirmed.*