JOHN M. McCOY v. J. W. CUNNINGHAM ET AL.

Decided December 21, 1901.

·Community Property—Sale by Surviving Husband—Notice—Heirs of Wife.

G., a married man, purchased in his own name from the State certain school land which became community property of himself and wife. The wife died before issuance of the patent, and all her children, save one, conveyed their inter-ests to G. by deed reciting that the land was community estate of their mother and G., which deed was duly recorded. G. then conveyed the land for value to H., and patent from the State was thereafter issued to H. as assignee, and the land subsequently passed by mesne conveyances to plaintiff, a purchaser for value ·without actual notice. Held, that the recitals of the patent affected plaintiff with notice that G. had vested in him the equitable title, and plaintiff was thereby required to ascertain the condition of the title as it existed in G., and being charged with notice of the recorded deed from the children to G., he was put ·upon inquiry as to the interest of each of the deceased wife's children, and took ;subject to the right of the child who did not join with the others in the con-·veyance. Edwards v. Brown, 68 Texas, 586, distinguished.

Appeal from Tarrant. Tried below before Hon. Irby Dunklin.

*Jas. C. Scott,* for appellant.

*Jas. B. Davies,* for appellees.

CONNER, CHIEF JUSTICE.—This was an action of trespass to try ·title, brought by appellant as plaintiff below, against J. W. Cunning-h'am and his children, as adverse claimants of the land in suit, and .against the other defendants, L. Howard Lee and the Land Mortgage Bank of Texas, Limited, as warrantors in plaintiff's chain of title, with prayer over against his warrantors in case the adverse claimants recov-·ered any part of the land. L. Howard Lee was not served with process, and as to him the suit was dismissed. There were three minor defend-;ants,—John, Burrill, and Grace Cunningham,—for whom W. C. Prewitt ·was appointed guardian ad litem. The case was tried before the court without a jury. Judgment by default was rendered for plaintiff against ·the adult Cunninghams. For the three minors, John, Burrill, and ·Grace Cunningham, the court gave judgment for an undivided 1-70 ·each, making 3-70 of the 160 acres in controversy, and adjudged that ·the Land Mortgage Bank of Texas, Limited, was not liable as a war-·rantor of title. Commissioners were appointed to partition the land. :Plaintiff excepted, and appealed, assigned errors, and now presents the ·case for revision.

In the first and second assignments of error appellant questions the ·court's action in awarding any part of the land in controversy to the mi-nor children named. The facts relating to the question thus presented are ;as follows: The 160 acres of land involved in the suit was State school land, and as such was purchased, as appellant seems to concède, from the State in 1879 by one B. W. Gunn, who was the head of a family ·consisting of himself, a wife, Susan Gunn, and children, some of whom

were of age and married at the time. B. W. Gunn and family con-
tinued to occupy said land as a homestead until in 1888, when Susan
Gunn died intestate, leaving as one of her heirs Mrs. Sarah Cunning-
ham, nee Sarah Gunn, wife of J. W. Cunningham herein sued. No
administration was had upon the estate of Susan Gunn, and in July,
1889, Mrs. Sarah Cunningham also died, leaving as her heirs the Cun-
ninghams sued herein, including the minors in whose behalf judgment
was rendered. January 14, 1890, all of the surviving children of B. W.
and Susan Gunn, save Sarah Cunningham, united in a regular convey-
ance to their father B. W. Gunn of "all their right, title, interest, and
estate" in said 160 acres of school land, the deed reciting that: "Said
B. W. Gunn survey being a part of the community estate of said B. W.
and Susan Gunn, deceased, and our interest therein being our inherit-
ance, as children of said B. W. Gunn and Susan Gunn, deceased, of our
mother's (Susan Gunn's) interest in said community estate; and this
instrument is intended to release to said B. W. Gunn all our claim or
right to said 160 acres of land, or any part of said estate, real and per-
sonal, so left by our mother, Susan Gunn (deceased)," etc. This deed
was duly recorded July 26, 1890.

On April 14, 1891, B. W. Gunn, joined by his second wife, S. E.
Gunn, for a valuable consideration, made regular conveyance of said
land to Thomas Halliman, who soon thereafter went into possession.
On June 15, 1891, the land was patented by the State to Thomas Halli-
man, as assignee of B. W. Gunn, as also seems to be conceded by appel-
lant, under whom, through mesne conveyances, appellant acquired title
April 1, 1896. Appellant's immediate vendor was L. Howard Lee,
whom appellant found in possession, and to whom appellant paid $3220
as the consideration for his purchase of the land, that being the fair
value thereof. At the time of appellant's purchase he believed he was
getting full title, and he was without notice of any right in appellees
to any part of said land except such, if any, as is to be imputed to him
by reason of the record of said deed to B. W. Gunn from his children,
the recitals of which are hereinbefore given.

The record fails to disclose the ground of the trial court's conclusion,
but inasmuch, as we conceive, the judgment against appellant can be
maintained upon no other ground, we infer that the conclusion of the
trial court was that the record of said deed to W. B. Gunn and the re-
citals therein affected appellant with notice, or at least put him upon
inquiry as to the community right of Susan Gunn, deceased, and of the
right inherited from her by Sarah Cunningham, the mother of the ap-
pellees. Appellant controverts such conclusion.

The cases of Edwards v. Brown, 68 Texas, 329; Patty v. Middleton,
82 Texas, 586, and Hensley v. Lewis, 82 Texas, 595, settle the doctrine
that a purchaser from the surviving husband of land acquired in his
name during the marriage, upon a valuable consideration, and without
notice of the fact that his vendor had a former wife, takes good title
against heirs of such wife, but these cases fail to reach the question of

constructive notice now before us. The question presented has not been free from difficulty, and we have been unable to find anything directly in point, but we have finally concluded that the judgment should be affirmed. The recitals in the patent affected appellant with notice that B. W. Gunn had theretofore had vested in him the equitable title, and hence appellant was required to ascertain the condition of the title as it existed in Gunn. In doing so he could scarcely escape notice of the deed to B. W. Gunn from his children, and the recitals therein of their mother's community interest. His title in part was in fact derived through this deed. It was in his chain of title, and he was affected with notice thereof by the terms of our registration law. Rev. Stats., art. 4652. With notice of this deed he would, in our judgment, be put upon inquiry as to the interest of each of Sarah Gunn's surviving heirs, and at his peril must provide against all interests descending from her.

This conclusion leads to an affirmance of the judgment, inasmuch as we have been unable to distinguish this case, on the question of warranty presented, from the case of Sanger v. Warren, 44 Southwestern Reporter, 477.

The judgment is affirmed.

*Affirmed.*