CHARLES DERRETT ET AL. V. F. H. BRITTON ET AL.

Decided April 13, 1904.

**1.—Legal Title—Equitable Title—Innocent Purchaser.**

One who purchases land from the holder of the legal title, without notice of the existence of an equitable title in the heirs of the deceased member of the community, or of facts and circumstances reasonably sufficient to put him upon inquiry, takes title free from the claim of the owners of the equitable community title.

**2.—Community Estate—Survivor—Title—Possession—Notice.**

The facts that an heir of a deceased member of a community estate was over twenty-one years old, working elsewhere and boarding with the family on the premises, held not to show such possession as would be notice of an equitable title in him, the records showing the legal title in the survivor of the community.

ON MOTION FOR REHEARING.

**3.—Deed—Acknowledgment—Defect.**

Save for the purpose of showing an outstanding title, or that an instrument is not admissible in evidence, no one except the grantor or some one claiming under him can take advantage of a defect in the acknowledgment of a deed.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*Cobb & Avery,* for appellants.

*E. B. Perkins* and *Bonner & Gilbert,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellants, Charles Derrett and Lucy McCain, joined by her husband, John, against the appellees, F. H. Britton and Southwestern Railway Company of Texas and the Dallas Terminal and Union Depot Company, to recover an undivided one-half interest in a certain lot situated in the county and city of Dallas. The defendants answered by pleas of not guilty and that they were bona fide purchasers for value without notice of any claim or interest of plaintiffs in the property. The case was tried before a jury, and the trial resulted in a judgment in favor of the defendants, from which plaintiffs have appealed.

*Conclusions of Fact.*—On and prior to the 17th day of May, 1873, Calvin Derrett and Sarah Derrett were husband and wife. On the day stated Berry Derrett and his wife, who were then the owners of the property, executed, delivered and duly acknowledged a general warranty deed conveying it to Calvin Derrett, which deed was duly recorded on the 19th day of May, 1873. From then until in 1886 or 1887, when Sarah, the wife of Calvin, died, Calvin Derrett with his family occupied the lot in controversy as his homestead. Sarah Derrett left surviving as her only heirs two children, Charles Derrett and Lucy McCain, the plaintiffs in this action. In 1889 or 1890 Calvin Derrett married

a woman named Rilla, who has no children and ·is still living.  After his second marriage Calvin Derrett continued to reside on the lot as his homestead until the 8th day of January, 1902, when he and his wife Rilla duly executed, acknowledged and delivered to the appellee, S. H. Britton, a general warranty deed conveying to him and his heirs the property in controversy.  The deed recited a consideration of $2500, which was actually paid in cash at the time of the execution and delivery of the deed.  It was acknowledged before Henry J. Martyn, a notary public of Dallas County, and duly recorded on February 5, 1902. F. H. Britton bought the property for his coappellee, the Dallas Terminal Railway-Union Depot Company, who furnished the consideration, for whom he holds in trust.  The purchase of the property was effected through H. J. Martyn, who in making the purchase negotiated with Calvin Derrett and his wife, as agents of appellees.

After their father's second marriage both appellants continued to live as members of his family with him and his wife on the premises until 1898, when Lucy married her present husband, John McCain, and moved with him off the premises.  After his sister's marriage Charles Derrett continued to live on the premises with the family, and was boarding there, paying his board to his father, at the time the deed was made by his father and stepmother to F. H. Britton, at which time he was over 21 years of age, and working elsewhere.  After the deed was made his father acquired another homestead and Charles continued to board with him there as he had before done on the premises in controversy.

The facts thus far found are established by the uncontroverted testimony.

The question was submitted by the court to the jury as to whether or not appellees or their agent, H. J. Martyn, had notice of appellants' interest in the land until after the execution of the deed from Calvin Derrett and his wife to F. H. Britton.  And in connection with the question the jury were instructed that if Martyn knew such facts as would have prompted an ordinarily prudent man, desirous of protecting himself and willing to act fairly with others, to have made inquiry as to whether or not appellants, or either of them, had any interest in said land, and if upon such inquiry being made he would have discovered that appellants had the title on which this suit is based, then that Martyn had notice of appellants' title.  But if upon making such inquiry as an ordinarily prudent man would have made Martyn would not have discovered that appellants had title, or if he did not know such facts as would have prompted an ordinarily prudent man, desirous of protecting himself, and willing to act fairly with others, to make inquiry as to whether or not plaintiffs or either of them had any interest in the land, then Martyn did not have notice of appellants' title.

The finding of the jury in favor of appellees necessarily involves a finding that neither appellees nor their agent Martyn had notice of appellants' interest in said land until after the execution of the deed by

Calvin Derrett and wife to F. H. Britton. As the evidence is amply sufficient to sustain it, such finding is here made a conclusion of fact by this court.

Finally we conclude from the evidence that appellees were purchasers in good faith for value from Calvin Derrett, the holder of the legal title, as was manifest by record of the deed to him to the property in controversy without notice of the equitable title of appellants, upon which their action is based.

*Conclusions of Law.*—One who purchases land from another who holds a legal title thereto, and pays value for it without notice of the existence of an equitable title of their heirs to the deceased member of the community, or of facts and circumstances reasonably sufficient to put him upon inquiry as to such title, takes title by virtue of such purchase free from the claim of the owners of the equitable community title. Patty v. Middleton, 82 Texas, 586; Hensley v. Lewis, 82 Texas, 595; Mangum v. White, 16 Texas Civ. App., 254, 41 S. W. Rep., 80; Brackenridge v. Rice, 30 S. W. Rep., 588; Sanborn v. Schuler, 86 Texas, 116; Bass v. Davis, 38 S. W. Rep., 268; Saunders v. Isbell, 5 Texas Civ. App., 513; Burleson v. Alvis, 28 Texas Civ. App., 51, 66 S. W. Rep., 235; Peterson v. McCauley, 25 S. W. Rep., 829; Hicks v. Hicks, 26 S. W. Rep., 229; Rand v. Davis, 27 S. W. Rep., 941; Smith v. Olson, 23 Texas Civ. App., 458, 56 S. W. Rep., 572.

As is said in Mangum v. White, supra, "The theory of these decisions is that the possession by the vendor of muniments showing the legal title in him is sufficient guaranty to the purchaser, until further inquiry is suggested by circumstances brought home to him, that the title is as the papers show it to be, and that if he buys upon the faith of such evidence, he is entitled to protection against those to whom the legal title is held in trust."

The facts that the appellant, Charles Derrett, was over 21 years of age and boarding with the family on the premises at the time the deed was executed to Britton, do not, in our opinion, show such possession as was in and of itself notice to appellees, or their agent Martyn, of either his or his sister's equitable interest in the property, or sufficient of themselves to put the purchasers or their agent upon inquiry. Such facts were not inconsistent with or sufficient to cast a shadow of suspicion upon the title of Calvin Derrett as it appeared from the deed to him of record in Dallas County purporting upon its face to vest full and complete title to the whole of the property. The legal meaning of the word "possession" is: "The having, holding or detention of property in one's power or command; actual seizure or occupancy." The mere fact that one who works elsewhere lodges and boards on premises the legal title to which is in him with whom he boards, and who claims and exercises full power, control and dominion over the property by virtue of such legal title, does not constitute possession such as would be notice in and of itself of any equitable in-

terest that such lodger or boarder might have in and to the premises or any part thereof. Were this not so, then it would be incumbent upon everyone desiring to purchase land from one in actual possession, control and holding dominion over property in whom the records of deeds showed full and complete title, before he could purchase with any degree of safety, to seek out and inquire of every boarder and lodger on the premises, or who had been such boarder and lodger, within a period of time not barred by the statutes of limitation, what interest such boarder or lodger had or claimed in the property. The most that can be said of such evidence is that it may be taken and considered with all the other facts and circumstances in determining the issue as to whether or not the purchaser or his agent effecting the purchase had notice or was charged with notice of the equitable interest of the party lodging or boarding on the premises.

The charge of the court properly submitted the issue as to whether appellees had notice of appellant's equitable title, and in our opinion no error was committed by the court's refusing to give any of the special charges requested by appellants. Therefore the judgment of the District Court is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

It is contended in this motion that we erred in holding that appellees were innocent purchasers for value without notice, because the property in controversy was the homestead of Calvin Derrett and his wife Rilla, and the acknowledgment of their deed conveying the property to F. H. Britton was taken by H. J. Martyn, who was at that time appellees' agent for the purchase of the same.

The validity of an acknowledgment of a deed is not essential to constitute the grantee a purchaser in good faith. The essential elements which constitute such a purchaser are (1) a valuable consideration, (2) the absence of notice, and (3) the presence of good faith. If the existence and concurrence of these requisites are shown, it is immaterial, so far as a third party is concerned, whether the deed of the purchaser was properly acknowledged or not. Save for the purpose of showing an outstanding title, or that an instrument is not admissible, under the statute, in evidence, no one except the grantor or some one claiming under or through him an interest in the estate conveyed can take advantage of a defect in the acknowledgment of the deed. This may be done, not for the purpose of proving the grantee was not a bona fide purchaser, but for the purpose of showing that, on account of its defective acknowledgment, the deed is invalid; and that therefore the grantor or his privies in estate still own the property.

In the instant case the grantors, Calvin and Rilla Derrett, are not claiming the property nor questioning the validity of the deed of ap-

pellees. The appellants are the plaintiffs in the case, and are therefore not interested in showing an outstanding title, and such a title would not avail them, but would defeat their action. They do not claim through Calvin and Rilla, or either of them, but assert title to the property by inheritance from their mother, Sarah Derrett. In other words the title they claim is essentially different from, independent of and inconsistent with the one conveyed by their father and stepmother to appellees. Therefore their attitude in this suit is not such as will entitle them to question the validity of the acknowledgment of the deed under which appellees claim.

The appellees being purchasers in good faith from him in whom appeared the legal title, for a valuable consideration without notice of appellant's title, and the validity of the deed evincing their purchase not being questioned by their grantors or any one claiming under them, the ground for the motion stated is without merit.

All other questions raised by this motion are fully considered and disposed of in our prior opinion.

The motion is overruled.

*Overruled.*

Writ of error refused.