**ENGLISH v. PLUMLEE. (No. 1959.)**

(Court of Civil Appeals of Texas. El Paso. Jan. 20, 1927.)

1. **Vendor and purchaser** ⬤⟹242—To remove cloud of oil and gas lease, antedating his conveyance, but recorded thereafter grantee was required to prove himself innocent purchaser for value without notice (Rev. St. 1925, art. 6627).

Where oil and gas lease antedated conveyance, grantee, to remove cloud of lease from title; was required to prove himself innocent purchaser for value without notice before recording of lease, under Rev. St. 1925, art. 6627, making unrecorded conveyances void only as against subsequent purchasers for value without notice.

2. **Vendor and purchaser** ⬤⟹242—Burden of proving status as innocent purchaser for value without notice rests upon subsequent purchaser as against one claiming under antecedent unrecorded lease (Rev. St. 1925, art. 6627).

Burden of proof of status as innocent purchaser for value without notice entitled to protection under recording act, Rev. St. 1925, art. 6627, rests upon person seeking protection thereunder as against person claiming under antecedent lease, unrecorded at time of conveyance.

3. **Vendor and purchaser** ⬤⟹226(2)—Subsequent purchaser claiming under recording act against assignee of lease was required to show payment of consideration before notice of lessee's claim (Rev. St. 1925, art. 6627.)

One who purchased premises subsequent to execution of oil and gas lease thereon was required to show payment of consideration upon execution of deed or before notice of unrecorded lease to entitle him to protection under recording act, Rev. St. 1925, art. 6627, as subsequent purchaser for value without notice.

4. **Vendor and Purchaser** ⬤⟹226(2)—Subsequent purchaser paying part of consideration before notice of antecedent unrecorded claim is entitled to pro tanto protection only (Rev. St. 1925, art. 6627).

Subsequent purchaser without notice, who makes only partial payment before notice of antecedent unrecorded claim, is entitled only to protection pro tanto under recording act, Rev. St. 1925, art. 6627, protecting subsequent purchasers for value without notice.

5. **Vendor and purchaser** ⬤⟹236—Purchaser of school land for $10 consideration, who did not become substitute purchaser directly liable to state for purchase price, held not "purchaser for value" (Rev. St. 1925, art. 6627; Acts 37th Leg. 1921, c. 57).

Purchaser of school lands without notice of antecedent claim under oil and gas lease, unrecorded at time of purchase, *held* not purchaser for value entitled to priority as against claim of assignee of lessee, under Rev. St. 1925, art. 6627, where mere nominal consideration

of $10 was paid, and where amount due state as purchase money was merely assumed by purchaser without his becoming substitute purchaser from state under provisions of Acts 37th Leg. 1921, c. 57.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Purchaser for Value.]

6. **Appeal and error** ⬤⟹1177(7)—Where retrial might supply defect in proof, case could be remanded.

Where defect in proof might be supplied on retrial, case could be remanded rather than rendered.

7. **Mines and minerals** ⬤⟹58—That oil and gas lease was unrecorded did not affect its validity as between parties or subsequent purchasers not purchasers for value.

Fact that oil and gas lease to school lands was not recorded until after conveyance to purchaser without notice did not affect validity as between parties to lease or as to purchasers not purchasers for value.

8. **Acknowledgment** ⬤⟹6(1)—Mines and minerals ⬤⟹58, 74—Defective acknowledgment and improper registration of oil and gas lease or assignment did not render them invalid as between parties (Rev. St. 1925, art. 6627).

Defective acknowledgment and improper registration of oil and gas lease and assignment did not prevent lease or assignments being valid as between parties, in view of Rev. St. 1925, art. 6627, providing that as between parties and their heirs and subsequent purchasers with notice or without valuable consideration conveyances shall be valid and binding though unacknowledged and unrecorded.

9. **Mines and minerals** ⬤⟹74—Assignee of oil and gas lease could assert claim thereunder, though assignor's wife did not join in assignment.

Assignee of oil and gas lease could assert rights thereunder, notwithstanding assignor's wife failed to join in execution of lease.

Appeal from District Court, Reeves County; Chas. Gibbs, Judge.

Suit by M. D. Plumlee against D. P. English. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. A. Drane, of Pecos, and J. L. Zumwalt, of Dallas, for appellant.

Harper & Howard, of El Paso, and Shropshire & Bankhead, of Weatherford, for appellee.

HIGGINS, J. This suit was brought by Plumlee against English to recover two sections of public school land in Loving county, awarded to P. M. Yell by the state on October 6, 1924, and to remove cloud from title.

On November 12, 1924, Yell and wife executed an oil and gas lease upon the land to J. S. Yell, who assigned the same to English on March 10, 1925. The lease was filed for

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

record December 17, 1924, and the assignment was filed April 1, 1925. Plumlee purchased the land from P. M. Yell and wife by deed dated December 13, 1924, filed for record June 24, 1925. The deed recited a consideration of $10 and other valuable considerations and the assumption by the vendee of the payment of $2,800.48, due the state as purchase money. The case was tried without a jury, and judgment rendered in favor of the plaintiff for the land, and canceling the above-mentioned lease and assignment as a cloud upon the title.

[1-4] The lease antedated the conveyance to appellee, and the latter acquired his title subject to the lease unless he is entitled to the protection accorded innocent purchasers for value without notice. Article 6627, R. S. 1925. The burden of proving his status as such rested upon appellee. Ryle v. Davidson, 102 Tex. 227, 115 S. W. 28. It is shown he purchased without notice. Plumlee testified he paid Yell for the land "in money," which can relate only to the cash consideration of $10 received in the deed. Payment of the consideration upon execution of the deed or before notice of antecedent unrecorded claims must be shown in order to entitle him to protection. If partial payment be shown, protection pro tanto only will be accorded. Fraim v. Frederick, 32 Tex. 294; Huyler v. Dahonry, 48 Tex. 234; Durst v. Daugherty, 81 Tex. 650, 17 S. W. 388; Batts v. Scott, 37 Tex. 59.

The land in question is public free school land, incumbered by lien in favor of the state to secure the payment of purchase money amounting to $2,800.48.

[5] Appellee assumed the payment of this sum, but did not show he had become the substitute purchaser from the state as is authorized by chapter 57, Acts of Thirty-Seventh Legislature. Had this been shown, the obligation of P. M. Yell to the state would have been canceled and appellee would have become unconditionally bound to the state to pay the same. This, we think, would have constituted him a purchaser for value. Dodd v. Gaines, 82 Tex. 429, 18 S. W. 618; Watkins v. Sproull, 8 Tex. Civ. App. 427, 28 S. W. 356; Cameron v. Romele, 53 Tex. 238; Le Page v. Slade, 79 Tex. 473, 15 S. W. 496; Tillman v. Heller, 78 Tex. 597, 14 S. W. 700, 11 L. R. A. 628, 22 Am. St. Rep. 77; Davis v. Carter, 55 Tex. Civ. App. 423, 119 S. W. 724.

[6] The appellee having failed to show that he was a purchaser for value, the judgment must be set aside. It may be that this defect in the proof may be supplied upon retrial, and the case will be remanded rather than here rendered.

It is contended the judgment should be upheld upon the theory that the lease and assignment were executed for the purpose of defrauding appellee. The trial court did not file separate findings and conclusions, but from the recitals in the judgment it is apparent it was based upon the theory that appellee was a purchaser for value without notice. Some importance also seems to be attached to the fact that the lease "was not recorded, as required by law, until after the purchase of said land from the said P. M. Yell and Winifred Yell, husband and wife, by the plaintiff, M. D. Plumlee." The evidence is wholly insufficient to show that the lease and assignment were executed and withheld from the record in pursuance of a design to defraud the purchaser of the land from P. M. Yell and wife as by the plaintiff alleged.

[7, 8] The fact that the lease was not recorded until after the conveyance to appellee did not affect its validity as between the parties thereto nor as to third persons purchasing from P. M. Yell and wife, unless they were purchasers for value without notice, and, as shown above, appellee was not shown to be such a purchaser, except to the extent of $10 paid. This sum was a mere nominal consideration, perhaps insufficient to entitle appellee to any protection (Nichols-Stuart v. Crosby, 87 Tex. 443, 29 S. W. 380), but, upon retrial, there is no reason why he should not be protected pro tanto if it be shown that he purchased without notice. As to the protection to be thus accorded, see Durst v. Daugherty, supra. As to the matter of defective acknowledgments in the appellant's chain of title and improper registration, this is unimportant. Derrett v. Britton, 35 Tex. Civ. App. 485, 80 S. W. 562. As between the parties to the lease and the assignment, the acknowledgments of P. M. Yell and J. S. Yell were not essential to their validity nor proper record of the instruments necessary. Article 6627, Revised Statutes 1925.

[9] There is nothing to show any necessity for the joinder of P. M. Yell's wife in the execution of the lease.

Reversed and remanded.