### ANDERSON et al. v. GAZAWAY.
### No. 3165.

Court of Civil Appeals of Texas. El Paso.
Feb. 28, 1935.

J. D. Barker, of Sweetwater, for plaintiffs in error.

L. B. Reed, of Lamesa, and Frank Stubbeman, of Midland, for defendant in error.

HIGGINS, Justice.

This is an action in trespass to try title by defendant in error against the heirs at law of Mary N. Powell, deceased, to recover a tract of land resulting in judgment in favor of the defendant in error. The record contains no statement of facts. The findings of the trial court show the land was community property of J. M. Powell and wife, Mary N. Powell. It was conveyed to J. M. Powell by G. W. Foy and wife. Later, Mrs. Powell died. Subsequent to her death J. M. Powell conveyed the land to A. W. Haywood, and by mesne conveyances the same passed for a valuable consideration to J. A. Gazaway who later conveyed to J. B. Gazaway, the defendant in error.

■ The legal title to the land vested in J. M. Powell when it was conveyed to him by Foy and wife. Mrs. Powell's title was equitable. Speer's Marital Rights (3d Ed.) § 345; Mitchell v. Schofield, 106 Tex. 512, 171 S. W. 1121.

■ To defeat the legal title thus acquired by defendant in error, the burden was upon the plaintiffs in error to show defendant in error and his grantors had acquired the land with notice, actual or constructive, of the equitable title which plaintiffs in error had inherited from Mrs. Powell. Duckworth v. Collie (Tex. Civ. App.) 235 S. W. 924; Mangum v. White, 16 Tex. Civ. App. 254, 41 S. W. 80; Wallis, Landes & Co. v. Dehart (Tex. Civ. App.) 108 S. W. 180; Ruedas v. O'Shea (Tex. Civ. App.) 127 S. W. 891.

The court in its findings states that no such evidence was offered. In the absence of such evidence, judgment for defendant in error followed necessarily.

■ The court found affirmatively that J. A. Gazaway purchased without notice, and error is assigned to the admission of J. A. Gazaway's testimony so showing. It was not necessary for defendant in error to offer such evidence. It merely strengthened the presumption which the law raised in his favor. Its admission was not error.

■ Other propositions assert defendant in error's title is equitable, and it was incumbent upon him to plead his title specially. These propositions are based upon the erroneous assumption that defendant in error's title to Mrs. Powell's interest is equitable. The authorities cited show that he acquired the legal title to the land. Furthermore, an equitable title is sufficient to support the action of trespass to try title. See cases cited in 16 Mich-

ie's Digest, 608. The cases cited by plaintiffs in error hold that equitable relief cannot be had in the statutory action of trespass to try title. The defendant in error was not seeking equitable relief, nor was any such relief granted. The judgment in favor of defendant in error was for title and possession.

Affirmed.