WM. ALFORD ET AL., RESPONDENTS, *v.* FRANK BRADEEN ET AL., APPELLANTS.

Where one tenant in common sells the right to a stranger to cut timber off of the common property, another tenant in common of the same property cannot maintain replevin for the timber after it has been cut.

APPEAL from the Fourth Judicial District of the State of Nevada, Washoe County, Hon. C. C. GOODWIN presiding.

The facts of this case are stated in the opinion of the Court.

*Geo. A. Nourse*, Attorney General, for Appellants.

*Clayton & Clarke*, counsel for Respondents.

Points and authorities for Appellants:

The plaintiffs claim the timber only by reason of their ownership of the land. Waiving the point as to whether proof of ownership of the land entitles plaintiffs to recover timber in replevin, they cannot maintain this action for several reasons.

*First*—It does not appear that the timber was cut after plaintiffs became owners of the land.

*Second*—The timber was cut under a valid contract with

the former owner, of which plaintiffs had notice when they purchased.

*Third*—One Barnes, who. is not a plaintiff, owns one-fourth interest as a tenant in common in this land. Defendants cut the timber under a contract with Barnes.

This was a valid license, which will protect defendants. (9 Cow. 230; *Hyde* v. *Stow*, 7 Pick. 138; *Miller* v. *Miller*, 9 Shepley, 287; *Bradley* v. *Boynton*, 8 Wend. 505.)

*Fourth*—Plaintiffs, if they have any right to the timber, are not the sole owners. They cannot maintain this action without joining Barnes with them as plaintiff.

Respondents did not file a written brief.

Opinion by BEATTY, J., BROSNAN, J., concurring.

This case was originally tried in the Probate Court of Washoe County; appealed from that Court to the District Court, where the judgment of the Probate Court was affirmed, and an appeal is now taken from the District Court to this Court.

The facts, as we gather them from a not very full or clear statement on appeal from the Probate Court, are as follows:

In January, 1864, James W. Ahart and John Barnes were the owners of a timbered ranch, Ahart owning three-fourths interest and Barnes one-fourth interest therein. Ahart mortgaged his interest to the defendants, and at the same time executed to them a deed, absolute on its face, to take effect, says Ahart in his testimony, on the 23d of May, if the money secured by mortgage was not repaid by that day. At the same time this deed and mortgage were executed, Ahart put defendants in possession of the land as a further security for the money loaned, and with a written agreement as to cutting timber off the land on certain terms mentioned in the contract, Ahart being paid in advance for the timber to be cut. In March, 1864, a short time after the contract between Ahart and the defendants, Barnes, the owner of the other one-fourth interest, also entered into a contract with defendants, allowing them to cut timber on any part of the ranch, paying him, Barnes, one dollar and seventy-five cents per thousand. The

contract between Ahart and defendants is referred to in the statement on appeal from the Probate Court, but is not contained in the transcript filed in this Court. The contract of Barnes with defendants, we suppose, was verbal, and its character is not very fully stated by Barnes. Whether this one dollar and seventy-five cents was to be in full for each one thousand feet of timber, or for Barnes' one-fourth interest therein, does not appear.

About the 3d of May, 1864, plaintiffs bought the interest of Ahart in this ranch, subject to the mortgage, and Ahart testified subject to his contract for the cutting of timber, etc. Some difficulty would seem to have arisen between plaintiffs and defendants about the redemption of the mortgage and the surrender of the mortgaged premises by the defendants, who were the original mortgagees. From the imperfect statement of the case we have before us, we are at a loss to understand the nature of the difficulty. The misunderstanding between the parties culminated in plaintiffs bringing an action in the nature of replevin for timber cut by defendants on the ranch. The plaintiffs recovered judgment in the Probate Court, and that judgment was affirmed in the District Court. Various questions arose in the course of the trial which we do not deem it necessary to pass on. Nor are the facts so shown in the record as to enable us to pass on all the points raised. Whether the right of the defendants to cut timber under the contract with Ahart had ceased or not before the timber in controversy was cut, we are utterly unable to determine, from the want of a clear statement of facts.

But one fact is admitted by all parties—that defendants had the privilege granted to them by one of the owners and tenants in common of the ranch—to wit: Barnes—to cut this very timber.

There can be no doubt Barnes, as a tenant in common, might cut timber himself on the ranch, or he might authorize another to do what he himself could do. (See the case of *Baker* v. *Wheeler & Martin*, 8 Wendell N. Y. Reports, page 505.) Whatever the rights or remedies of the other tenants for recovering their share of the value of the timber cut and sold, they could not take the timber from one to whom Barnes had sold it.

The instructions given by the Court at the instance of plaintiffs were excepted to, but are not contained in the statement on appeal.

We cannot tell what they were, and of course cannot say they were erroneous. One of the grounds for a new trial attached to statement on appeal is that the verdict is against law and evidence, and on that ground the judgment is reversed. The District Court will set aside the judgment in the Probate Court, and order a new trial in the District Court, unless the plaintiffs should elect to dismiss their action.

Chief Justice LEWIS, having been of counsel in this case, did not participate in the hearing.