No. 10,996.

MRS. EMMA PATUREAU VS. FREDERICK WILBERT, MCCARDLE ET ALS.

AND

A. WILBERT'S SONS LUMBER AND SHINGLE CO. VS. MRS. EMMA PATUREAU, CONSOLIDATED.

A joint owner of swamp land is at liberty to cut and remove timber from the community without becoming amenable to charge of tort or trespass as against the co-proprietor.

In such case the person cutting and removing timber for purposes of manufacture without waste or other deterioration to the premises is not liable *ex delicto*, but *ex quasi contractu*. And the measure of damages is the value of the trees, when taken at the stump.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Talbot, J.*

*Samuel Matthews* for Plaintiff and Appellant.

*Sims & Gondran* and *A. Tabot* contra.

The opinion of the court was delivered by

WATKINS, J. In the former of these consolidated causes the plaintiff seeks to recover of the several defendants damages *in solido* to the amount of $3366, as the value of his alleged one-half interest in 1122 cypress trees, that they had wrongfully and tortiously cut, felled and removed a certain tract of swamp land, designated as section 62, township 9, of range 10 east, situated west of the Mississippi river, of which she was, at the time, half owner with the plaintiffs in the latter of said consolidated causes—same being a suit for the partition of the common property by licitation.

Some resistance was at first made on the part of the plaintiff Patureau to the order of consolidation, and to an adverse ruling in this regard she reserved a bill. She, also, appeared and filed an answer in the partition suit, and insisted upon a division in kind. But she subsequently appeared in the consolidated cases and filed a waiver of her demand for a partition in kind, and consented that a sale be made—thus practically removing her objection to the consolidation of the two causes, as her consent to the sale necessarily abandons her claim to a severance.

This leaves but one issue in the case—the value of the trees.

The judge *a quo* found the number of trees cut to be 824, and fixed their value at $1 a piece at the stump; and gave plaintiff judgment for $412, or one-half of their value.

From that decree plaintiff Patureau appeals, and demands an increased allowance.

Whether or not the amount of the judgment should be increased depends upon one ruling of the judge *a quo*, rejecting evidence of "the market value" of the raw material—that is to say, the value of the trees for the purpose of the manufacture of the trees into lumber, thus restricting the plaintiff to the value of the trees as they were taken in the forest.

His theory was, that inasmuch as the Wilbert Sons Lumber and Shingle Company was the half owner with Mr. Patureau of the lands as well as all the timber growing thereon, they had a perfect right to cut and remove the timber therefrom without becoming amenable to a charge of trespass on the part of the co-proprietor; and, possessing that right, it had a corresponding right to contract with others to cut and remove timber for it without their becoming thus amenable; hence defendants were not liable *ex delicto*, but only *ex quasi contractu.*

This proposition is not quite clear or altogether free from difficulty, but we can not see how defendants can be held liable for *tort* or *trespass* on land in which they have a one-half interest to the other co-proprietors by the simple cutting and removing of trees for manufacture and sale, in the ordinary course of affairs, and without waste or destruction.

A simple course is always open to a dissatisfied co-proprietor, suit for partition, and that has been availed of.

Under the law and evidence, the judgment appealed from seems to have done substantial justice, and it is affirmed.