Texas & New Orleans Railway Company v. Executors of Joella Jones.

Decided December 19, 1903.

**Conversion—Measure of Damages—Mistake in Honest Belief.**
Where G. sold to a tie contractor, at 6 per cents per tie, 150 railroad ties, to be cut from timber on land which G. honestly believed to be his own and included by the field notes of his deed, but which in fact belonged to plaintiff, and the contractor cut the ties and sold them to defendant at 35 cents per tie, the measure of damages in an action against defendant for the conversion of the ties was 6 cents per tie, that being their market value in their original state and when first taken through honest mistake.

Appeal from the District Court of Henderson.   Tried below before Hon. John Young Gooch.

*John A. Mobley, N. R. Bishop,* and *M. H. Gossett,* for appellant.

*Faulk & Faulk,* for appellees.

RAINEY, Chief Justice.—This suit was brought to recover damages for the conversion of certain timber taken from plaintiffs' land and converted into crossties, the damages claimed being the value of the ties. The cause was tried without a jury and judgment rendered for plaintiffs for the value of the ties "in their manufactured condition at the time defendant railroad company bought them and converted them."

The case was tried upon an agreed statement as follows: "Agreed statements of facts that G. A. Jones sold 150 ties in the tree to R. A. Grogan, tie contractor, which in fact were on land owned by plaintiff, but which land was by the said G. A. Jones believed to be covered by deed from J. Z. Isler to said Jones, and which land G. A. Jones in good faith on reasonable grounds believed to be his at the time said timber was sold and cut.   That J. T. Meredith, an experienced land, record and instrument man and surveyor, with G. A. Jones' deed in his hand, and read and examined by him, located the land on which said timber was cut as being the land covered by deed to G. A. Jones by J. Z. Isler, and thought from said deed that same was G. A. Jones' land.

"'That the said J. T. Meredith has since said survey, after full investigation, concluded that the field notes in deed from Isler to G. A. Jones do not in fact embrace land on which said 150 ties were cut.   That R. A. Grogan bought said 150 ties in timber from G. A. Jones; had it converted into ties and sold them to the Texas & New Orleans Railroad Company for 35 cents per tie.   That the market value of manufactured ties is 35 cents per stick.   That the market value of tie timber in the tree as sold by Jones is 6 cents per stick.   The question of law under the above statement of facts is, whether defendant is liable to plaintiff for 6 cents or for 35 cents per tie?"

It will be seen that the only issue is as to the measure of damages,—

whether defendant was liable for the value of the tie timber in the tree or the value after it was manufactured into ties.

The learned trial judge, in his findings of law, followed what he conceived to be the holding in Railway Co. v. Starr, 22 Texas Civ. App., 353, 55 S. W. Rep., 393, and Brown v. Pope, 27 Texas Civ. App., 225, 3 Texas Ct. Rep., 279, and held that the measure was the value of the ties in "their manufactured condition." In this we think there was error. The facts in those cases show that the trespass was willful and no necessity existed for making a distinction between the facts in those cases and a case like the present, where it is shown that the trespass was committed under a mistaken belief of right. In the Starr case, supra, the holding was based in a great measure on the case of Bolles Woodenware Co. v. United States, 106 U. S. (L. Co-op. Ed.), 432 (16 Otto), which supports the holding. In the latter case the facts show the trespass to have been willful, and the plaintiff was authorized to recover for the increased value, though the timber had passed into the hands of an innocent party. But it was further held therein that where the trespass was made under an honest mistake, a different rule prevails. The court says: "The weight of authority, in this country as well as in England, favors the doctrine that where the trespass is the result of inadvertence or mistake, and the wrong was not intentional, the value of the property when first taken must govern, or if the conversion sued for was after value had been added to it by the work of the defendant, he should be credited with this addition."

This is a fair and just rule, and should control in this case. This holding does not conflict with the holding in the Starr case nor the Brown v. Pope case. The authorities of the various States are in hopeless conflict, and we will not attempt to reconcile them.

Under the agreed issue presented we are to determine only as to the liability of defendants for either 6 cents or 35 cents per tie, and we conclude that its liability is only for 6 cents per tie. It is therefore ordered that the judgment be reformed and affirmed for $9, appellee to pay costs of this appeal.

*Reformed and affirmed.*