## DE WITZ et al. v. SANER–WHITEMAN LUMBER CO.

(Court of Civil Appeals of Texas. Galveston. March 22, 1913. On Motion for Rehearing, April 17, 1913.)

1. TRESPASS (§ 52\*)—TAKING LUMBER—DAMAGES—MANUFACTURED VALUE.

To warrant a recovery of the manufactured value of trees taken by one person from the land of another, it must have been within the knowledge of the taker that he was not the owner, or he must have been guilty of such negligence in not knowing it that he would be estopped to deny that he knew it, the taking being willful and without the belief in good faith that the taker was entitled to make the appropriation.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 137, 138; Dec. Dig. § 52.\*]

2. TENANCY IN COMMON (§ 24\*)—CUTTING TIMBER — TAKER'S LIABILITY — MEASURE OF DAMAGES.

Where defendant lumber company, having purchased an undivided three-fourths interest in certain timber land, cut, manufactured, and sold the timber, which was of proper size for advantageous sale, with knowledge that it did not own the outstanding one-fourth interest, the fact that it took a deed to the whole tract, paid all the taxes, executed mortgages thereon, etc., did not constitute an ouster of the cotenants owning the remaining one-fourth in view of defendant's express recognition of their interest and readiness to account for the proportionate value of the timber on demand; and hence the taking was not willful so as to render defendant liable for the manufactured value of the lumber, but it was only liable for one-fourth of the value of the timber.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. §§ 65, 66; Dec. Dig. § 24.\*]

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes .

Appeal from District Court, Nacogdoches County; James I. Perkins, Judge.

Trespass to try title by Robert De Witz and others against the Saner-Whiteman Lumber Company. From a judgment for plaintiffs for less than the relief demanded, they appeal. Affirmed.

June C. Harris, of Nacogdoches, for appellants. Blount & Strong, of Nacogdoches, for appellee.

McMEANS, J. This is a suit of trespass to try title, brought by appellants against the appellee to recover an undivided one-fourth interest of 80 acres of land out of the Alfred Moore survey in Nacogdoches county. Under an allegation that appellee had cut and removed all the merchantable pine timber on the entire 80 acres, appellants sought to recover the value of one-fourth thereof after it had been manufactured, into lumber, and, in the alternative, sought a recovery of the value of one-fourth of the timber taken from the land, called in the parlance of the timber region "stumpage value." A trial before the court without a jury resulted in a judgment for appellants for an undivided one-fourth of the land, and for the sum of $197.50 for their proportionate value of the timber cut and appropriated by appellee from the land, based upon the stumpage value. Appellants, claiming that under the facts proven they were entitled to a judgment for the manufactured value of one-fourth of the timber taken, excepted to the judgment of the court, and have brought this case before us on appeal.

The facts are these: Appellants and appellee were tenants in common of the 80 acres, the former owning one-fourth and the appellee three-fourths undivided interest therein. Appellee having opportunity of making advantageous use of the merchantable pine timber growing upon the land cut and removed the same, and manufactured it into lumber, which it sold, and appropriated the proceeds. When it did this appellee knew that there was an outstanding title to one-fourth undivided interest in the land, but nevertheless cut all such timber and manufactured it into lumber, holding itself liable and ready to account to the owners of the one-fourth interest for their proportionate value of the trees taken whenever they should demand it. Under these facts, is appellee liable for the manufactured value?

[1] In order to warrant a recovery of the manufactured value of the trees taken by one person from the land of another, it must have been within the knowledge of the taker that he was not the owner, or he must have been guilty of such negligence in not knowing it that he would be estopped to deny that he knew it. In other words, the act of taking or trespass must have been willful and without the belief in good faith that he had the right to make appropriation

thereof. This rule has been substantially adopted and followed in this state in the following cases: Railway v. Jones, 34 Tex. Civ. App. 94, 77 S. W. 955; Young v. Lumber Co., 100 S. W. 784; Werner Stave Co. v. Pickering, 55 Tex. Civ. App. 632, 119 S. W. 333.

[2] But has the rule any application to a case where one person cuts and sells the trees, knowing at the time that he is not the sole owner of the land, but that he is only a tenant in common with others? We think not. In Freeman on Cotenancy and Partition, § 251, it is said that: "If timber standing on the land is of proper size and condition for advantageous sale, either of the cotenants may lawfully proceed to cut and sell it, for in so doing he makes no unusual use of the real estate of which he is a tenant in fee." This statement of the rule is quoted approvingly in Gillum v. Railway Company, 5 Tex. Civ. App. 338, 23 S. W. 717, where it is held that one tenant in common may cut trees proper to be cut on the land held in tenancy in common, and that the remedy of the cotenant is an action against the cotenant cutting the timber for his share of the value, citing Baker v. Wheeler, 8 Wend. (N. Y.) 505, 24 Am. Dec. 66. If, then, one cotenant may take the trees when the occasion of doing so advantageously arises, he in doing so does only that which his relation to the cotenant and to the land from which the timber is taken justifies, and therefore cannot be said in any sense to be a trespasser, or to have acted with knowledge that he has no right to the trees taken. Nor was it essential that the cotenant who took the trees should have first acquired the consent of the other cotenants, for to require this would in many instances be practically a denial of any benefit to him from the use of the trees, and would require a partition of the estate before he could exercise any individual control over his interest in that regard. From this it follows, we think, that the taking of the timber by appellee was not, under the circumstances of the case, wrongful as to appellants; and, not being wrongful, appellants' recovery was properly restricted to the value of the trees. This conclusion is borne out, we think, by the authorities. In 38 Cyc. 91, the rule is thus stated: "The ordinary rule of valuation in an accounting between tenants in common as to the removal of timber by some of them, in the absence of a statute or agreement to the contrary, is the value of the timber while growing." In Coleman's Appeal, 62 Pa. 278, the question under consideration was the measure of recovery in favor of one tenant in common for certain ores that had been taken by another from the common estate and sold. The court, after stating that "It seems that even where a trespass has been committed, if innocently and unintentionally, by working over a party's own line into his

neighbor's adjacent tract, the measure of damages is the value of the mineral or timber taken in place, or at the farthest when first severed," goes on to say: "But the case of the defendants is entitled to still more favorable regard than that of a trespasser, though by mistake or ignorance. There the property has been taken wrongfully and against his will. Here a tenant in common exercises his undoubted right to take the common property, and he has no other means of obtaining his own share than by taking at the same time the shares of his companions. The value of the ore in place is therefore the only just basis of account." To the same effect is Patureau v. Wilbert, 44 La. Ann. 355, 10 South. 782, where this language is used: "We cannot see how defendants can be held liable for tort or trespass on land in which they have one-half interest to the other coproprietor by the simple cutting and removing of trees for manufacture and sale in the ordinary course of affairs, and without waste or destruction."

We think that the court applied the proper measure of damages in this case, and the judgment therefore must be affirmed.

Affirmed.

### On Motion for Rehearing.

Appellants insist in their motion for a rehearing that as the facts proven upon the trial show beyond question that, while appellants and appellee were tenants in common of the land from which appellee removed the timber which it manufactured into lumber, nevertheless appellee purchased a title adverse to its cotenants and claimed and held the land adversely to them, and that by so doing appellee ousted appellants and repudiated their title, and that, therefore, appellee was in law a trespasser and liable as such for the manufactured value of their proportion of the timber taken. The facts upon which this contention is based are these: Houston West was the owner during his lifetime of the 80 acres in controversy. He died intestate, and left surviving him his wife, Melvina, and six children. Afterwards Charles Hoya purchased from Melvina and certain of the children three-fourths undivided interest in the land. Hoya then conveyed to appellee the entire 80 acres; the latter at the time of the conveyance knowing that Hoya only owned a three-fourths interest. After this conveyance was made appellee rendered for taxation, and paid taxes on, the entire 80 acres, and at divers times gave deeds of trust upon it, and finally cut and removed the merchantable pine timber therefrom, and manufactured the same into lumber. At the time of the cutting, removal, and manufacture appellee knew there was a superior outstanding title to one-fourth of the land, and took the timber in recognition of it; and, as stated in our opinion, held

itself liable and ready to account to the owners of the one-fourth interest for their proportionate share of the value of the trees taken whenever they should demand it. We think that the taking of a deed to the whole of the tract, paying all taxes thereon, and executing mortgages upon it did not amount in law to a repudiation of appellants' title to one-fourth, in view of their express recognition of it, and their readiness to account to the owners thereof for their proportionate portion of the value of the timber upon demand; and in any event the taking in the circumstances was not such a willful taking as rendered appellee liable for the manufactured value.

The motion for a rehearing is overruled.