## REPUBLIC PRODUCTION CO. v. COLLINS.
### (No. 369.)

Court of Civil Appeals of Texas. Eastland,
Jan. 6, 1928.

Rehearing Denied June 15, 1928.

1. **Tenancy in common** ⬥3—**Parties to agreement for construction of water tank with right in each to use water for specified purposes held cotenants; "tenants in common."**

Parties to agreement for construction of water tank with right in one of parties to use water for drilling purposes and right in other to have water for domestic purposes and for irrigation *held* cotenants; water being capable of fairly accurate measurement with right in each party as incident of ownership to use or make such disposition of water as he saw fit; "tenants in common" being such as hold by several and distinct titles or by unity of possession (citing Words and Phrases, First and Second Series, "Tenant in Common").

2. **Tenancy in common** ⬥23—**Cotenant under agreement for construction of water tank cannot recover against other without proof that it took more than its share of water.**

Cotenant under agreement for construction of water tank with right in each party to make use of water for certain specified purposes cannot recover for water taken by other party without showing that he had taken more than his share, a cotenant having right to take from common property his part.

3. **Partnership** ⬥20—**Agreement for construction of water tank with right to use water for certain specified purposes held not "partnership."**

Agreement for construction of water tank with right in each party to use water therefrom for certain specified purposes did not create a "partnership" between parties thereto; a "partnership" being a contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and to divide profit and bear loss in certain proportions (citing Words and Phrases, "Partnership").

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

On rehearing. Rehearing granted, judgment reversed, and cause remanded.

For former opinion, see 3 S.W.(2d) 1113.

W. W. Moore, Jr., of Houston, and G. O. Bateman, of Breckenridge, for appellant.

Frank S. Roberts, of Breckenridge, for appellee.

SCARBOROUGH, Special C. J. This case was affirmed (3 S.W.[2d] 1113), and is now pending on motion for rehearing. On the original hearing the case was disposed of on the theory that the parties were cotenants. It is now urged that this holding was error. It was urged that the trial court erred in not defining the term "partnership." The un-

disputed evidence shows that the appellant was operating a lease on the adjoining property to appellee's. The appellant had bought water from the appellee from a small tank that the appellee had for his domestic use. This water was used on the adjoining lease, what is known as the Knox lease. The parties, realizing that the small tank would not furnish an adequate supply of water, agreed to build a large tank on the appellee's land, with the understanding that the appellant was to have water for drilling purposes, and the appellee was to have water for his domestic purposes and for irrigation. The parties, in furtherance of this agreement, did build quite a large tank on the appellee's premises. The appellant, after the construction of the large tank, used water from this tank for carrying on its drilling operations on the Knox lease. In the winter and spring of 1924, the appellant, without the knowledge or consent of the appellee, took water from this tank and sold it to an adjacent leaseholder and refused to account to appellee for any part of the proceeds. The suit was brought on the theory that the surplus water in the tank was partnership property. The evidence fails to show that the parties had any express agreement as to selling water from the tank. These facts being undisputed, what was the status of these parties?

Plaintiff alleges "that he and the defendant are jointly interested, each owning one-half interest in and to a certain water tank."

Plaintiff further alleges: "When said dam and tank were completed that plaintiff and defendant should and would have an equal undivided interest in and to the water of said tank."

" 'Tenants in common' are such as hold by several and distinct titles, but by unity of possession, because none knoweth his own severalty, and therefore they all occupy promiscuously." 8 Words and Phrases, First Series, p. 6908.

"Tenants in common are they which have lands or tenements in fee simple, fee tail, or for terms of life, etc., and they have such lands or tenements by several titles, and not by a joint title; and none of them know of this several, but they ought by law to occupy these lands or tenements in common." 4 Words and Phrases, Second Series, p. 872.

[1] Under the pleadings these parties were cotenants. Water in an open tank, as we take this to be, is capable of fairly accurate measurement. We see no reason why each of the parties may not have taken one-half of the water. If so, as an incident of ownership thereof, each party had the right to use or make such disposition of his part of the water as he saw fit. In such case there would be no duty for either to make an accounting to the other of the water used. A principle of law which we think applicable is well

stated in a note to the case of Gates v. Bowers (N. Y.) 88 Am. St. Rep. 530, as follows:

"A cotenant of goods divisible by tale, measure or weight, may, without the consent and against the will of his cotenant, rightfully take and appropriate to his own use, sell or destroy so much of them as he pleases, not exceeding his share, and by so doing effect pro tanto a valid partition."

The case of Pickering v. Moore, 67 N. H. 533, 32 A. 828, 31 L. R. A. 698, 68 Am. St. Rep. 695, supports this rule in that part of the opinion wherein it is said:

"Equity could do no more than decree that each might take so many pounds, bushels, or yards, or so many of the articles in number, and enforce its decree by process—in other words, enforce the conceded right. One may in general do without a decree what equity would decree that he might do. * * * There is no more difficulty in separating one portion from another, than there is in selecting A's marked sheep from B's flock. Either may make the division. * * * It has never been held, so far as observed, that a tenant in common is liable to his cotenant in any form of proceeding for taking from the latter's possession and consuming or destroying his just proportion only of the common property. The conveyance by a tenant in common of a part of the common land by metes and bounds may effect a partition, and will, if it does no injustice to his cotenants—if their just share can be assigned to them out of the remaining land. Holbrook v. Bowman, 62 N. H. 313, 321. No reason is perceived why a similar doctrine should not be applied in a case of a common tenancy of chattels. If A and B own in common 100 horses and B sells 10 of them to C, why permitted to take them 'when he can see his time,' if he has possession of and can have his full share assigned to him from the remaining 90? However that may be, a tenant in common of goods divisible by tale or measure may, without the consent and against the will of his cotenant, rightfully take and appropriate to his sole use, sell, or destroy so much of them as he pleases, not exceeding his share, and by so doing effect pro tanto a valid partition."

For further supporting authorities, see note to Marshall v. Palmer, 50 Am. St. Rep. 841; note to Bolling v. Kirby, 24 Am. St. Rep. 817. We quote from the latter as follows:

"If chattels owned in cotenancy are of such a character that a division of them can be made by each part owner taking a quantity thereof proportionate to his interest, without any possibility of such division being unfair, as where money, or wheat, or other grain is held in common, he has a right to make such division and to sever and take his share."

Recognition of this rule is given by courts of this state in the following cases: Gillum v. St. L., & A. T. Ry. Co., 5 Tex. Civ. App. 338, 23 S. W. 717; Hatton v. Bodan Lbr. Co., 57 Tex. Civ. App. 478, 123 S. W. 163 (writ of error denied); Norwood v. Leeves (Tex.

Civ. App.) 115 S. W. 53; Trammell v. McDade, 29 Tex. 366.

The syllabus to the case of Gillum v. Ry. Co., supra, is a little misleading and would indicate a duty to account. A reading of the case, however, will show no duty to account, unless more than a fair share is taken and appropriated, or in a case where it cannot be determined what is a fair share of the appropriating tenant. The opinion quotes approvingly from Hihn v. Peck, 18 Cal. 641, as follows:

"The defendants being tenants in common had a right to the enjoyment of the common estate, and to cut timber and use or dispose of it, at least, to an extent corresponding to their share of the estate. No insolvency is averred; nor that they are exceeding their share, nor any other facts which entitled them to this injunction."

[2] These authorities establish the proposition that a cotenant has the right to take from the common property his part. Under this rule it is necessary for the plaintiff to allege and prove that the defendant had taken more than his part of the water. The plaintiff having failed to allege that the defendant took more than its share of the water, the judgment cannot stand on the theory of cotenants.

Do the facts in the case present an issue of partnership? Partnership is defined to be:

"A contract of two or more competent persons to place their money, effects, labor, and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss in certain proportions." 6 Words and Phrases, First Series, p. 5191.

[3] Applying this definition to the facts of this case, it is clear that the issue of partnership is not in the case. The elements necessary to constitute a partnership are wholly wanting. Therefore the court did not err in refusing to define the term. The original opinion on this phase of the case is correct and will be approved.

In view of the fact that this cause must be remanded, it is probably not out of place to say: If the water did belong to the parties jointly, the plaintiff must allege and prove that the defendant did get more than its part of the water.

If, on the other hand, the defendant only had a right to a limited use of the water for drilling purposes, such an issue should be properly made by the pleadings and proof. It seems to the writer that the evidence tends to show an agreement of such nature. Under this view, when the tank was built it became an appurtenance to the land, and the water in the tank became a part of the realty. 27 R. C. L. p. 1357, § 267. An easement is a liberty, privilege, or advantage in land which one may have in land distinct from the ownership of the fee. Harrison v. Boring, 44 Tex. 255.

If the surplus water belonged to the land and the defendant exceeded its right to use water therefrom, such conduct would amount to a misappropriation, and would constitute a conversion. In such case a right of action would exist for all the water converted, unless same be barred by limitation. The majority, however, are of opinion that the agreement is to be treated as that alleged, which, as said before, constituted the parties tenants in common of the water.

For the errors indicated, the motion for rehearing is granted, and the judgment affirming this case is set aside, and the cause reversed and remanded.

LESLIE and FUNDERBURK, JJ., concur.