**Joel W. GREEN, et al., Appellants,**

v.

**Victor CRAWFORD, et al., Appellees.**

**No. 12–82–0088–CV.**

Court of Appeals of Texas, Tyler.

Nov. 23, 1983.

Rehearing Denied Dec. 21, 1983.

Thomas R. McLeroy, Center, for appellants.

William D. Guidry, Nacogdoches, Grover Russell, Center, Marion G. Holt, Nacogdoches, for appellees.

COLLEY, Justice.

Plaintiffs Joel W. Green, Jr., and wife, Jo Ann, James W. Green, Allene Green (surviving wife of Joel W. Green, Sr.) and Clarence M. Green sued defendants Helen L. Green (widow of Dallas R. Green, deceased), Beverly Ross (daughter of H.L. Green but not daughter of Dallas R. Green), Mary Helen Green Baker (daughter of Helen L. Green and Dallas R. Green), Victor A. Crawford, David George and W.D. George Wood Co., Inc. seeking damages for conversion of timber growing on a certain 100-acre tract of land owned by plaintiffs and located in Shelby County. Trial was to a jury and the trial court, based on the jury's verdict, rendered judgment in favor of plaintiffs against defendants Helen L. Green and Baker and against the plaintiffs

in favor of the defendants Ross, Crawford, George and Wood Company. Plaintiffs prosecute this appeal only as to defendants Crawford, George and Wood Company claiming that the trial court committed error in refusing to give certain requested instructions to the jury, in refusing to submit certain requested special issues, in overruling plaintiffs' motion for judgment n.o.v., and in failing to disregard the jury's answers to certain special issues.

We reverse the take-nothing judgment rendered by the trial court against the plaintiffs in their action against defendants Crawford, George and Wood Company and here render judgment in favor of plaintiffs against said defendants.

The record before us shows, and all parties agree, that the common source of title to the lands from which the timber was cut and removed was Warren Sebastian Green. It is undisputed that Warren Sebastian Green died intestate about the year 1907, leaving as his sole heirs at law three sons, viz., Joel W. Green, Clarence M. Green (plaintiff herein) and Dallas R. Green. It is likewise undisputed that Joel W. Green died intestate about the year 1952, survived by his wife Allene Green (plaintiff herein) and three children, Joel W. Green, Jr., James Warren Green (plaintiffs herein) and Nancy C. Green, a daughter who never married and died intestate without issue before this action was instituted. It is also undisputed that Dallas R. Green died intestate about the year 1962 survived by his wife, Helen L. Green, and one daughter, Mary Helen Green Baker, defendants herein.

Before his death Dallas R. Green, joined by his wife, Helen L. Green, executed and delivered a warranty deed as grantor to plaintiff, Clarence M. Green as grantee, bearing date of February 26, 1954, conveying all of his undivided interest in and to the lands here involved. This instrument introduced into evidence at trial (plaintiffs' exhibit No. 2) was not filed for record in Shelby County until March 31, 1980. On January 10, 1974, plaintiff Clarence M. Green executed and delivered a warranty deed as grantor, purporting to convey the entire fee title, subject to a life estate reserved in his favor not material herein, to the lands which are the subject of this suit to Joel W. Green, Jr. and wife, Jo Ann Green. Such deed was filed for record on January 11, 1974, in the Deed Records of Shelby County. The last-mentioned deed also contains a brief recitation of the marital and family history and heirship of Warren Sebastian Green.

Before the proper registration of the deed from Dallas R. Green and others to Clarence M. Green, under the provisions of art. 1289, Tex.Rev.Civ.Stat.Ann. (Vernon 1980) and art. 6627, Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1982–1983), Ross, acting as agent and attorney-in-fact for Helen L. Green, joined by Baker, negotiated a sale of the merchantable pine timber standing on the lands with Crawford, and on December 5, 1978, defendant Helen L. Green, acting by and through her agent and attorney-in-fact Ross, joined by Baker, executed and delivered a timber deed to Crawford purporting to convey all merchantable pine and timber eight inches "at stump level" standing and growing on the 100-acre tract in question. It is undisputed that Crawford paid a cash consideration of $11,000 to Green and Baker for such timber. The timber deed allowed Crawford one year from the date thereof to cut and remove the timber. Later on January 29, 1979, Helen L. Green sold Crawford all the merchantable hardwood timber located on such lands. Although the testimony reveals that a written timber deed evidenced this sale, such deed was not produced at trial. Crawford's testimony, however, reveals that only Helen L. Green signed the deed covering the hardwood timber and that he paid Helen L. Green $500 to $600 for such hardwood timber.

Crawford, following his purchase of the timber, executed and delivered on May 30, 1979, a timber deed as grantor in favor of David George, grantee, purporting to sell and convey "... all merchantable timber ..." growing on the lands involved for a cash consideration of $20,000. George assigned the timber to the Farmers State Bank of Center, Texas, as security for a

$20,000 loan, the proceeds of which were utilized to pay the purchase price for the timber to Crawford. George thereafter apparently assigned his right to the timber to Wood Company. At any rate, the undisputed evidence, as shown by George's testimony, demonstrates that Wood Company, acting through its agents and contractors and under the personal supervision of George, cut and removed the bulk of the timber growing on the involved lands during the months of September through November 1979.

The timber cut and removed from the lands was sold and delivered by Wood Company to International Paper Company in Nacogdoches. The jury found on conflicting evidence, in response to Special Issues 3 and 4, that the market value of the pine and hardwood timber cut and removed from the lands was $25,600. In response to Special Issues 1 and 2 the jury failed to find: (1) that Crawford, George and Wood Company "... attempted to sell the entire interest in the timber in question to the exclusion of the rights of the plaintiffs...."; (2) that Crawford, George and Wood Company "... converted the proceeds of the sale of such timber in question to the exclusion of the rights of the plaintiffs...."

Additionally the jury found in response to Special Issue 20 in effect that Crawford had no [actual] notice of the existence of the deed from Dallas R. Green and others to Clarence M. Green above discussed at the time of his purchase of the timber from Helen L. Green and Baker on December 5, 1978. This finding is unchallenged. In response to Special Issue 21, the jury found that Crawford "... was a bonafide [sic] purchaser of the timber in question...."

Plaintiffs contend by their sixth point of error that the trial court erred in failing to disregard the jury's answer to Special Issues 1 and 2 and in overruling plaintiffs' motion for judgment n.o.v. because the evidence conclusively establishes, as a matter of law, that Crawford, George and Wood Company "attempted to sell the entire interest in the timber in question to the exclusion of the rights of the plaintiffs...."

and that such defendants converted the proceeds thereof.

Plaintiffs contend by their seventh point of error that the trial court erred in failing to disregard the answer of the jury to Special Issue 21 that Crawford was a bona fide purchaser of the timber and in overruling plaintiffs' motion for judgment n.o.v. because such answer "... is not supported by any evidence and is contrary to the greater degree of the credible evidence. By the eighth point plaintiffs contend that their motion for judgment n.o.v. should have been granted because the evidence conclusively establishes that Crawford, George and Wood Company purchased the timber charged with notice of plaintiffs' ownership and therefore were not bona fide purchasers.

Our careful review and analysis of all the evidence compels us to conclude that the evidence does establish as a matter of law that defendants Crawford, George and Wood Company did, in fact, appropriate the entire proceeds from the sale of the timber in question; and that such appropriation amounted to a conversion as a matter of law of the plaintiffs two-thirds interest in such timber. Both Crawford and George judicially admitted as much in their respective testimonies.

Under the facts in this case, Crawford was charged with notice as a matter of law that the last owner of record of the 100-acre tract was Warren Sebastian Green. Crawford was charged with notice as a matter of law of the heirship of said Warren Sebastian Green and had a duty to make an inquiry concerning the identity of those living persons who inherited the lands in question under the statutes of descent and distribution of this state. *New York & T Land Co. v. Hyland,* 8 Tex.Civ.App. 601, 28 S.W. 206, 208, 209 (1894, writ ref'd); *Ross v. Morrow,* 85 Tex. 172, 19 S.W. 1090 (1892); *Brown v. Hart,* 43 S.W.2d 274, 278 (Tex.Civ.App.—Amarillo 1931, writ ref'd); *Sanburn v. Schuler,* 86 Tex. 116, 23 S.W. 641 (1893).

■ The record conclusively shows that Crawford, George and Wood Company

made no investigation of the title or made any inquiry as to the identity of the heirs at law of Warren Sebastian Green. Although an affidavit of the heirship of Warren Sebastian Green was introduced into evidence, none of the defendants testified that they were acquainted with the heirship. In short, Crawford and his grantees of the timber simply took the word of Helen L. Green and Mary Helen Green Baker that they were the sole owners of the properties in question. We conclude, therefore, that none of said defendants were innocent purchasers for value of plaintiffs' two-thirds interest in the timber. *Ross v. Morrow, New York & T. Land Co. v. Hyland, supra.* Plaintiffs' sixth, seventh and eighth points of error are sustained.

██ We now address the arguments made by defendants that a co-tenant may convey all merchantable timber on lands owned in common with others and pass good title thereto and that the defendants Crawford, George and Wood Company were not co-tenants with plaintiffs in the timber sold on the lands and owed no duty to account to plaintiffs for their two-thirds interest in the proceeds from the sale of the timber. At the outset we hold that Crawford, George and Wood Company acquired title to a one-third interest in the timber growing on the lands by virtue of the timber deeds and assignments thereof already discussed. This is true because although Helen L. Green and Baker had no title at the time of the execution and delivery of the timber deed to Crawford to any part of the 100-acre tract, jointly, they were apparent owners of a one-third undivided interest therein by virtue of being the surviving wife and sole heir respectively of Dallas R. Green, deceased, as shown by the record, since Crawford, George and Wood Company had no actual notice of the existence of the deed from Dallas R. Green and wife, Helen L. Green, and others to Clarence M. Green. Arts. 1289 and 6627, Tex.Rev.Civ.Stat.Ann., *supra.* The status of the title to the hardwood timber is in reality different from that of the pine timber. This is so because *only* Helen L. Green, the surviving wife of Dallas R. Green, signed the deed covering the hardwood timber, and thus Crawford, George and Wood Company would have acquired only a life estate in one-third of such hardwood timber. However, since the plaintiffs have not raised this issue on appeal, we shall treat the case in this opinion as though defendants acquired the same interest in the hardwood timber as they acquired in the pine timber.

██ It is a rule of long standing that any co-tenant may sell and convey timber standing and growing on commonly held properties and pass good title thereto. *Gillum v. Saint Louis A & T Railroad Co.,* 5 Tex.Civ.App. 338, 23 S.W. 717 (1893, no writ). However, even as the court stated in *Gillum,* such rule is not without limitation. In *Collier v. Wm. Cameron & Co.,* 55 Tex. Civ.App. 153, 117 S.W. 915 (1909, no writ), the court distinguishing the facts before it from the facts in *Gillum* held that both the selling co-tenant and his *vendee* were liable to the non-selling co-tenants for their proportionate part of timber cut and removed where the timber cut was more than the selling co-tenant's proportionate part.[1] We conclude that our disposition of this case is controlled by *Collier,* which contrary to defendants' contention has not been impliedly overruled by the Supreme Court's decision in *Kirby Lumber Co. v. Temple Lumber Co.,* 125 Tex. 284, 83 S.W.2d 638 (1935). The equities discussed in *Kirby* arose out of an oral partition of lands made by a remote grantor in Kirby's chain of title. The holding was that Kirby did not take subject to equities arising because of the cutting of timber by Kirby's remote predecessors in title on a certain 213-acre tract partitioned to such party under the oral partition between him and the remote grantors of Temple Lumber Company because Kirby had no notice of the cutting of the timber or the oral partition. Such case is not pertinent to

1. See also *Hatton v. Bodan Lmbr. Co.,* 57 Tex. Civ.App. 478, 123 S.W. 163, 168 (1909, writ ref'd), and *Republic Prod. Co. v. Collins,* 7 S.W.2d 187, 188 (Tex.Civ.App.—Eastland 1928, writ ref'd).

the facts before us or the facts that were before the *Collier* court.

As earlier noted, the jury found that the market value of the timber cut and removed from the tract here involved was $25,600. No issue was submitted to the jury or requested by either party as to the market value of the timber *remaining* on the lands in question. However, Bill Carroll, a witness produced by the plaintiffs, holds a bachelor of science degree in forest management and was employed as an independent timber resource consultant. Carroll worked for Louisiana Pacific Corporation in a number of areas of timber management, including logging supervision and damage appraisals with some five or six years of experience in measuring and appraising timber. Carroll testified that the market value of the timber remaining on the 100-acre tract of land after George and Wood Company had cut and removed the timber was $5,468.95. His credentials as an expert witness were sufficient to qualify him to render the opinion both as to the volume and value of the remaining timber. No other testimony, either from an expert or lay witness, contradicted Carroll's conclusions as to the volume and value of the remaining timber. Defendant George, also a graduate forester with twenty-seven years of experience in forest management, timber and logging appraisal and measurements, testified that the methods used by Carroll in "cruising" the cut-over lands observing and measuring and counting the stumps of the trees previously felled by George and Wood Company was a recognized and proper method. George stated he disagreed with the values used by Carroll in arriving at the total value of the timber cut and removed but he did not offer his opinion as to the value of the timber remaining on the tract.

In deciding whether we should remand this cause for a new trial or render judgment here, we must determine whether Carroll's expert opinion as to the volume and value of the timber remaining on the lands involved establishes such facts as a matter of law. Our decision is governed by the standards set by the Supreme Court in

*Coxson v. Atlantic Life Insurance Co.,* 142 Tex. 544, 179 S.W.2d 943, 945 (1944), where the Supreme Court stated:

> The opinion testimony of experts, although persuasive, under most circumstances is not conclusive. It is peculiarly within the province of the jury to weigh opinion evidence, taking into consideration the intelligence, learning, and experience of the witness and the degree of attention which he gave the matter. The judgments and inferences of experts or skilled witnesses, even when uncontroverted, are not necessarily conclusive on the jury or the trier of the facts, unless the subject is one for experts or skilled witnesses alone where the jury or the court cannot properly be assumed to have, or be able to form, correct opinions of their own based upon the evidence as a whole and aided by their own experience and knowledge of the subject of inquiry. *Id.* at 945.

As demonstrated by the foregoing statement, the exception, when expert evidence can be conclusive is a narrow one. See also *Gregory v. Texas Employers Insurance Association,* 530 S.W.2d 105 (Tex.1975), and *Luttes v. State,* 159 Tex. 500, 324 S.W.2d 167 (1959). The Houston Court of Appeals was faced with a similar question in *Exxon Corporation v. West,* 543 S.W.2d 667 (Tex. Civ.App. [1st Dist.] 1976, writ ref'd n.r.e.), *cert. denied,* 434 U.S. 875, 98 S.Ct. 224, 54 L.Ed.2d 154 (1977). In *Exxon,* the court held that the uncontradicted expert evidence given by Exxon's own employees established the volume of gas reserves in a natural gas reservoir as a matter of law. That court in so concluding stated that the testimony given concerned a subject upon which the trier of the facts must be solely guided by expert opinion, and where the opinion is "... free from contradiction and inconsistencies, and it is otherwise credible, that it may be regarded as conclusive."

Carroll's opinion testimony in this case meets the requirements of the exception delineated in *Coxson.* In addition, as pointed out earlier in the opinion, an adverse

party, David George, who was an expert on the subject covered by Carroll's testimony, affirmatively corroborated the methods used by Carroll to render his opinion on the volume and value of the timber remaining. George did not see fit to offer his expert opinion as to the values of the timber remaining on the tract involved. He in fact on cross-examination admitted that he could not dispute it.

■ We hold that the expert opinions expressed by Carroll conclusively establish the value of the timber remaining on the 100-acre tract of land owned by the plaintiffs after the cutting and removal by George and Wood Company of the timber thereon.

By adding the value of the timber cut and removed as found by the jury, $25,600, to the value of the remaining timber, $5,468.95, we conclude that before the timber was cut and removed the total value of all merchantable timber growing on the 100-acre tract was $31,068.95. Plaintiffs were entitled to two-thirds thereof or the sum of $20,712.63. Taking into account the value of the remaining timber, the defendants have converted out of the plaintiffs' two-thirds interest in the proceeds from the sale of the timber the sum of $15,243.68.

We reverse that part of the judgment that plaintiffs take nothing from defendants Victor A. Crawford, David George and W.D. George Wood Co., Inc. and here render judgment that plaintiffs Joel W. Green, Jo Ann Green, James Warren Green, Allene Green and Clarence M. Green have and recover over and against the defendants Victor A. Crawford, David George and W.D. George Wood Co., Inc., jointly and severally, the sum of $15,243.68, together with interest thereon at the rate of 6% per annum from November 30, 1979, until March 29, 1982, and interest on said judgment amount and all costs of court, in this court and the trial court, at the rate of 9% from March 29, 1982, until paid.